IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| OLGA DELACRUZ AND MARCO DELACRUZ, INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF MANUEL DELACRUZ | § § § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. 1:18-CV-11 |
| v. | § § | JURY DEMANDED |
| CITY OF PORT ARTHUR, PORT ARTHUR POLICE DEPARTMENT, OFFICER LANE CHERRY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, UNKNOWN OFFICERS, THE MEDICAL CENTER OF SOUTHEAST TEXAS, L.P. D/B/A THE MEDICAL CENTER OF SOUTHEAST TEXAS L.P., | § § § § § § § § § § § | |
| *Defendants*. | § | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.     For OLGA DELACRUZ AND MARCO DELACRUZ, EACH INDIVIDUALLY, AND AS REPRESENTATIVES OF THE ESTATE OF MANUEL DELACRUZ ("Plaintiffs") Complaint against Defendants, CITY OF PORT ARTHUR, PORT ARTHUR POLICE DEPARTMENT, OFFICER LANE CHERRY IN HIS INDIVIDUAL CAPACITY, AND OFFICIAL CAPACITY, UNKNOWN OFFICERS, THE MEDICAL CENTER OF SOUTHEAST TEXAS, L.P. d/b/a THE MEDICAL CENTER OF SOUTHEAST TEXAS, L.P. Plaintiffs allege the following:

# I.
# JURISDICTION

2.  This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3), in order to redress the deprivation, under the color of any State law, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing equal rights of citizens or of all person within the jurisdiction of the United States. Plaintiffs bring a cause of action under the Fourth Amendment of the United States Constitution for a violation of the Decedent Manuel Delacruz's Constitutional right to be free from use of excessive force. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear any state law claims that will be set forth in this Complaint.

# II.
# VENUE

3.  Venue is proper in this District pursuant to 28 U.S.C. §1391, subsections (b)(1), (c)(2), and (d) because Defendants are deemed by that statute to reside in any judicial district in which it is subject to the Court's personal jurisdiction with respect to this civil action, and/or in any district within Texas within which its contacts would be sufficient to subject it to personal jurisdiction of that district. Defendants reside in Jefferson County and under the venue of this court.

# III.
# PARTIES

4.  Plaintiff, Olga Delacruz, is a citizen of Texas.

5.  Plaintiff, Marco Delacruz, is a citizen of Texas.

6.  Defendant, City of Port Arthur, ("Port Arthur") is a municipal corporation, political subdivision, and governmental agency of the State of Texas that is headquartered at 444

4th Street, Port Arthur, Texas 77640. Process may be served upon this defendant through City Manager, Brian McDougal, 444 4th Street, Port Arthur, Texas 77640.

7. Defendant, Port Arthur Police Department ("Port Arthur PD"), including all unidentified associates, directors, staff, employees, officers, and volunteers are being sued in their official and individual capacities. Port Arthur Police Department may be served at P.O. Box 1089, 645 4th Street, Port Arthur, Texas 77641.

8. Defendant Officer Lane Cherry #445 PAPD ("Officer Cherry") is an officer with the Port Arthur Police Department and is being sued in his official and individual capacities. Officer Cherry may be served at P.O. Box 1089, 645 4th Street, Port Arthur, Texas 77641.

9. Defendants Unknown Officers, upon information and belief, are residents of Texas and at all times material herein were police officer(s) acting in the course and scope of their employment for the Port Arthur Police Department as well as for the City of Port Arthur. The true name and capacity of Defendants are presently unknown to Plaintiffs who therefore sue said defendants by such a classification as "Unknown Officers." Plaintiffs believe and, on such grounds, allege that the defendants are legally responsible in some manner for the events and happenings hereinafter described, and proximately caused or contributed to the injuries and damages hereinafter alleged. Plaintiffs will seek leave to amend this complaint to show defendants' true names and capacity when the same have been ascertained.

10. Defendant The Medical Center of Southeast Texas, L.P., d/b/a The Medical Center of Southeast Texas, L.P. ("Medical Center of Southeast Texas") is Delaware corporation duly licensed in the State of Texas and may be served with process on its registered agent, The Corporation Trust Company, at 1999 Bryan Street., Suite 900 Dallas, Texas.

## IV.
## FACTS

11.     On August 1, 2016, Manuel Delacruz ("Manuel"), presented at Defendant Medical Center of Southeast Texas's hospital in Port Arthur. Plaintiff Manuel suffered from schizophrenia. Defendant Medical Center of Southeast Texas's staff chose not to assist Manuel. Due to his severe illness, Manuel had to have a court order against him to allow him to be checked into Defendant Medical Center of Southeast Texas's hospital.

12.     Plaintiffs Olga Delacruz and Marco Delacruz complied with this request and the Port Arthur Police Department sent officers to said hospital to take control of the situation. Sadly, for Manuel, his parents, his brother, and his sister this was not the case.

13.     Instead Officer Cherry, Unknown Officers, and the Defendant Medical Center of Southeast Texas's agents used excessive force in trying to detain Manuel. Defendants ultimately ended in a scuffle with Manuel and forcibly lead Manuel to his death.

## V.
## CAUSES OF ACTION

### A. CITY OF PORT ARTHUR, PORT ARTHUR PD, OFFICER CHERRY AND UNKNOWN OFFICERS

### LIABILITY UNDER 42 U.S.C. § 1983.

14.     The above described acts and conduct of the Defendant officers were the result of policies, customs, and practices of the City of Port Arthur and Port Arthur Police Department through which policies, customs, and practices violated Manuel's rights and ultimately lead to Manuel's death. These policies, practices, and customs include the failure of the City of Port Arthur to adequately train and supervise its officers in the use of force, including crisis intervention training (hereinafter referred to as "CIT") and the use of CIT in dealing with those individuals with mental disabilities as required under Tex. Occ. Code § 1701.253(j). Defendants'

law enforcement officers engaged in multiple acts of improper and extensive use of force in violation of the standard law enforcement rules. The police chief and others delegated by the City with responsibility for operating the police department were aware of the inadequate nature of the training and supervision. The use of force against Manuel was the result of the policy, practice, and custom of the City of Port Arthur and Port Arthur PD to inadequately supervise and discipline law enforcement officers who use excessive force. The Port Arthur PD failed to provide such training and supervision knowingly, deliberately, and/or with indifference to the constitutional rights of Manuel and ultimately lead to Manuel's death.

## **LIABILITY OF DEFENDANTS UNDER THE TEXAS TORT CLAIMS ACT**

15. At all times material hereto and during the course of events set forth in Section IV Defendants Unknown Officers and Officer Cherry were employees of the City of Port Arthur and Port Arthur PD and were acting in their capacity as police officers. Defendants Unknown Officers and Officer Cherry exerted an excessive use of force which were jointly and severally proximate cause of damages. Acts considered excessive use of force include, but are not limited to:

    a. Striking Manuel;

    b. Choking Manuel with the weight of six officers;

    c. Putting Manuel in a chokehold;

    d. In dragging Manuel;

    e. In committing other acts of omission and commission which constituted negligence and were a proximate cause of the injuries to Manuel and of the damages herein alleged.

    f. Tasing Manuel when no taser was needed in the altercation.

16. The City of Port Arthur and Port Arthur PD are liable under the Texas Tort Claims Act for the negligence of Defendant officers which proximately caused the injuries to Manuel. *See* Tex. Civ. Prac. & Rem. Code § 101.021. This claim is brought under the Texas Tort Claim Act. All conditions precedent to the filing and maintenance of this suit have been accomplished. Defendant Port Arthur PD has actual notice of this claim. Furthermore, Plaintiffs presented this claim to Port Arthur PD.

B. **THE MEDICAL CENTER OF SOUTHEAST TEXAS, L.P. D/B/A THE MEDICAL CENTER OF SOUTHEAST TEXAS, L.P.**

**HOSPTIAL LIABILITY- NEGLIGENCE**

17. Defendant Medical Center of Southeast Texas was negligent, and its negligence was a proximate cause of the death of Manuel in the following respects:

   a. By providing substandard care to Manuel;

   b. By providing substandard supervision of Manuel;

   c. By failing to provide Manuel with proper care due to his mental illness including, but not limited to, providing sedatives or other medical treatment; and

   d. By providing substandard care to Manuel when Manuel became incapacitated.

18. As a result of the negligence of Defendant Medical Center of Southeast Texas, Plaintiffs had to endure the passing of their son Manuel. Plaintiffs bring this lawsuit to recover the following damages, each of which is within the jurisdictional limits of the court:

   a. In Plaintiffs' individual capacities, for the wrongful death of their son Manuel pursuant to §§71.002 and 71.004 of the Texas Civil Practice and Remedies Code and;

  b.  In the capacity of Plaintiff Olga and Marco Delacruz as representative of the estate of their deceased son Manuel, for the pain and suffering experienced by Manuel prior to his death, and for the funeral expenses of Manuel.

19.  Defendant Medical Center of Southeast Texas, through its agents, employees, and or representatives had a duty to exercise reasonable care such as a reasonable prudent security officer would in the same or similar circumstance.

20.  At all times material, Defendant Medical Center of Southeast Texas, by and through its respective officers, agents, employees, or and/or representatives acting within the course and scope of their employment were negligent in the supervision and instruction of its employees. The negligent acts and/or omissions include, but are not limited to, the following:

  a.  Failing to provide adequate security and safety measures when handling an individual with a mental disease.

  b.  Failing to properly train and instruct its agents and/or employees on proper and adequate safety and security measures for situations or conditions as in this case;

## RESPONDEAT SUPERIOR

21.  At all times material hereto the security guards, employees, agents, and or representatives of Defendant Medical Center of Southeast Texas were acting in the course and scope of their employment. Defendant Medical Center of Southeast Texas is vicariously liable to Plaintiff for the negligent acts and omissions of its employees under the doctrine of respondeat superior.

## **NEGLIGENT HIRING AND TRAINING**

22. Defendant Medical Center of Southeast Texas failed to properly train and supervise its employees, agents, and/or security guards.

23. Defendant Medical Center of Southeast Texas was negligent/grossly negligent, in the hiring, retention, supervision, and training of their security guards. This negligence/gross negligence was a proximate cause of Manuel's injuries and subsequent death.

## **NEGLIGENCE PER SE**

24. Defendant Medical Center of Southeast Texas was not properly registered and/or licensed to provide security at the time of the incident that is the basis of this lawsuit. The failure to register and/or become licensed violated statutes and ordinances including, but not limited to, the Texas Occupation Code §§ 1702 *et seq.*

25. Plaintiffs belong to the class of persons the statutes and ordinances regulating the operations of security companies and security guards were designed to protect. Plaintiffs suffered harm in which the statutes and ordinances regulating such security company and security operations were designed to prevent. Defendant Medical Center of Southeast Texas's violation of these statutes and ordinances was without excuse.

26. The acts and/or omissions of Defendant Medical Center of Southeast Texas in violating the statutes and ordinances constituted negligence per se which proximately caused the occurrences and/or injuries to the Plaintiffs.

27. Defendant Medical Center of Southeast Texas misrepresented its agents as licensed security guards and/or misrepresented that Defendant Medical Center of Southeast Texas had the authority to hire security personnel.

## JURY DEMAND

28. Plaintiffs respectfully demand a jury trial.

## XI.
## RELIEF REQUESTED

29. Plaintiffs seek damages against the Defendants as follows:

   a. Past and future damages for pain, suffering and mental anguish against each of the Defendants;

   b. Plaintiffs seek punitive damages for each of the violations described above against each of the Defendants both jointly and severally;

   c. Plaintiffs seek reasonable attorney fees as part of court costs against Defendants both jointly and severally under 42 U.S.C. §1983 and

   d. Plaintiffs seek damages for loss of earning capacity proximately caused by the acts of Defendants as described above;

   e. Pre-judgment and post-judgment interest and court costs against Defendants both jointly and severally; and

   f. Such other and further relief to which Plaintiff may be justly entitled.

**DATED: January 9, 2018.**

          **ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ**

          */s/Muhammad S. Aziz*
          MUHAMMAD S. AZIZ
          State Bar No. 24043538
          800 Commerce Street
          Houston, Texas 77002
          Telephone: (713) 222-7211
          Facsimile: (713) 225-0827
          maziz@abrahamwatkins.com

          **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**

**HOUSE PERRON & HOUSE PLLC**

*/s/Joe House*
JOE HOUSE
State Bar No. 10042150
joe@houseperron.com
BENJAMIN G. HOUSE
ben@houseperron.com
State Bar No. 24092540
Norfolk Tower
2211 Norfolk Street, Suite 1150
Houston, Texas 77098
Telephone: (281) 762-1377
Facsimile: (866) 342-7683